See also, D.C., 112 F.R.D. 169.

**GTE PRODUCTS CORPORATION,**

v.

**Arthur GEE, Andrew Melillo, GM Audio Visual, Inc.**

Civ. A. No. 84–3936–T.

United States District Court, D. Massachusetts.

March 19, 1987.

Edward J. DeAngelo, Donald B. Gould, Goodwin, Procter & Hoar, Boston, Mass., for plaintiffs.

William C. Pericak, Jack R. Pirozzolo, Richard E. Bennett, Willcox, Pirozzolo and McCarthy, Boston, Mass., for defendants.

## ORDER ON PLAINTIFF GTE'S MOTION FOR PROTECTIVE ORDER

ROBERT B. COLLINGS, United States Magistrate.

The defendants have filed six notices of depositions (## 64–79). Each of the notices states that "... the defendants, by their attorneys, will take the deposition upon oral examination of [the plaintiff] GTE Products Corporation, by [a named person] on [a given date] ...". The plaintiff alleges that none of the named persons are either officers, directors, or managing agents of the plaintiff, and, therefore, the defendants may not take the deposition of the plaintiff-corporation by these individuals.

■ The plaintiff is correct. It has long been established that the deposition of a corporation may be taken only by an officer, director or managing agent. A party seeking to take the deposition of a corporation has two choices. The first choice is to notice the deposition of the corporation by a *particular* officer, director, or managing agent pursuant to Rule 30(b)(1), F.R.Civ.P. At such a deposition, the testimony is of the corporation and if the corporation is a party, the testimony may be used at trial by an adverse party for any purpose. Rule 32(a)(2), F.R.Civ.P. The second choice is to notice the deposition of the corporation without specifically naming the person to be deposed but listing in the notice a description "... with reasonable particularity [of] the matters on which examination is requested." Rule 30(b)(6), F.R.Civ.P. In that event, the corporation is required to "... designate one or more officers, directors, or managing agents or other persons who consent to testify on its behalf, and may set forth for each person designated, the matters on which he will testify." *Id.* The testimony of the person or persons so designated is the testimony of the corporation and, if the corporation is a party, the testimony may be used at trial by an adverse party for any purpose. Rule 32(a)(2), F.R.Civ.P.

What is not permissible is to notice the deposition of a corporation by a particular person who is *not* an officer, director or managing agent. This is what the plaintiff alleges that the defendants have done in the instant case. Specifically, the plaintiff alleges that of the six persons who are designated in the notices, one (Mr. Downes) is a salesman, another (Ms. Bertucci) was "formerly an auditor within GTE's auditing department" and "[t]he remaining four persons [i.e., Messrs. Camenga, Keenan, Blake and Moehring] each had responsibility for only limited aspects of the corporation's operations." Motion, p. 3.

I need not resolve the question of whether "the remaining four" persons are "managing agents" because the plaintiff has agreed to produce those persons for the purpose of giving testimony as individuals. In these circumstances, the defendants shall be able to depose these four persons as individuals and to elicit facts upon which to argue to the trial judge that one or more of the persons are "managing agents" and that, therefore, the testimony should be able to be used for any purpose at trial pursuant to Rule 32(a)(2), F.R.Civ.P. In this connection, it is to be noted that if the corporation is a party, as GTE Products Corporation is in the instant case, it is not a condition of the use of the testimony of a "managing agent" of that party at trial that the deposition notice have been directed to the corporation by a person who is a "managing agent" as opposed to the individual who is a "managing agent" of the corporate party. In other words, if counsel for the defendants takes the depositions of these four persons as individuals, he is not precluded from inquiring into the person's status with the corporation in order to attempt to establish a record for use in persuading the trial judge to allow the depositions to be used for all purposes against the corporate plaintiff pursuant to Rule 32(a)(2), F.R.Civ.P. on the ground that the person is a "managing agent" of the corporate plaintiff.

The defendants cite Rule 801(d)(2), F.R.Evid., as authority for the proposition that the depositions of corporations may be taken by naming agents or servants in the notice. Rule 801(d)(2)(D), F.R.Evid. provides that "[a] statement is not hearsay if ... [t]he statement is offered against a party and is ... a statement by his agent or servant and concerning a matter within the scope of his agency or employment made during the existence of the relationship ...". It is plain that this rule has nothing whatsoever to do with the manner in which depositions may be taken and certainly does not permit a party to take the deposition of a corporate party pursuant to Rule 30(b)(1), F.R.Civ.P., by an agent or servant whom the party noticing the deposition believes will make statements which will later be found to be admissible against the corporate party pursuant to Rule 801(d)(2)(D), F.R.Evid. The question of when a statement of an agent or servant is admissible pursuant to Rule 801(d)(2)(D), F.R.Evid., is not always clear. *See Mompoint v. Lotus Development Corporation*, 110 F.R.D. 414, 418 (D.Mass., 1986). It well may be that statements made by an agent or servant of a corporate party during a deposition of the agent or servant may be held to be admissible against the corporate party pursuant to Rule 801(d)(2)(D), F.R.Evid. But that possibility does not mean that depositions of corporations by non-managing agents or servants may be noticed. The depositions of non-managing agents and servants of a corporate party must be noticed as individuals; the party noticing the depositions of non-managing agents and servants retains the right to seek to have the testimony admitted against the corporate party at trial either pursuant to Rule 32(a)(2), F.R.Civ.P. or Rule 801(d)(2)(D), F.R.Evid.

Accordingly, it is ORDERED that the Plaintiff GTE's Motion For A Protective Order be, and the same hereby is, ALLOWED to the extent that it is ORDERED that each of the depositions of Messrs. Camenga, Keenan, Blake and Moehring be taken as individuals and not as depositions of GTE Products Corporation with the defendants retaining the right

to seek to demonstrate to the trial judge that the deposition of one or more of these four individuals was the deposition of a "managing agent" and therefore able to be used against the corporate plaintiff for any purpose pursuant to Rule 32(a)(2), F.R. Civ.P. or that the statements made during the deposition are otherwise admissible against the corporate plaintiff pursuant to Rule 801(d)(2)(D), F.R.Evid.

■ Plaintiff refuses to produce Ms. Bertucci and Mr. Downes voluntarily. It is apparent that, on this record, the notices of deposition of GTE Products Corporation by Ms. Bertucci (the former auditor) and Mr. Downes (the salesman) are invalid. There is no basis on which I could find that either of these individuals even comes close to be deemed to be a "managing agent" of the corporation. Accordingly, it is ORDERED that the Plaintiff GTE's Motion For A Protective Order be, and the same hereby is, ALLOWED to the extent that it is ORDERED that the Notices of Deposition to Ms. Bertucci and Mr. Downes (## 74 and 75) be, and the same hereby are, QUASHED. The depositions of these individuals must be taken as individuals and each must be served with a subpoena pursuant to Rule 45(d), F.R.Civ.P. Counsel for GTE Products Corporation shall notify counsel for the defendants FORTHWITH of the address or addresses at which Ms. Bertucci and Mr. Downes may be served with subpoenas.