UNITED STATES of America, Plaintiff,

v.

ONE PARCEL OF REAL ESTATE AT 5860 NORTH BAY ROAD, MIAMI BEACH, FLORIDA, Together With All Appurtenances Thereto and All Improvements Thereon, Defendant.

UNITED STATES of America, Plaintiff,

v.

ONE PARCEL OF REAL ESTATE AT THREE PINE ISLAND ROAD, PLANTATION, FLORIDA, Together With All Appurtenances Thereto and All Improvements Thereon, Defendant.

The TRAVELERS INSURANCE COMPANY, Claimant/Counterplaintiff,

v.

UNITED STATES of America, Plaintiff/Counterdefendant.

Nos. 87 2196–CIV, 87 2197–CIV.

United States District Court, S.D. Florida.

Aug. 10, 1988.

Donald F. Chase, II and Peter Prieto, Asst. U.S. Attys., Miami, Fla., for the U.S.

Benedict Kuehne, Sonnett Sale & Kuehne, P.A., Miami, Fla., for Tiranty, S.A.

Neal Sonnett, Sonnett Sale & Kuehne, P.A., Miami, Fla., for Scorpio Latiner, S.A.

Hilarie Bass, Greenberg, Traurig, Hoffman, Lipoff, Rosen & Quentel, P.A., Miami, Fla., for Travelers Ins.

## OMNIBUS ORDER

SCOTT, District Judge.

The above-referenced cases are before the Court on several pending motions. Upon review of these motions and the responsive pleadings, and being otherwise duly advised, it is ORDERED and ADJUDGED as follows:

1. The Motions of Claimants, Scorpio Latina, S.A. and Tiranty, S.A., to Permit Compliance with Notice of Deposition by Producing a Corporate Representative for Deposition are denied. The underlying notices of deposition served by the government specifically request the appearance of two named directors of the claimant corpo-

rations. The Court determines that this procedure is correct under the Federal Rules of Civil Procedure. *See GTE Products Corporation v. Gee,* 115 F.R.D. 67 (D.Mass.1987). The court in *GTE* held that:

> A party seeking to take the deposition of a corporation has two choices. The first choice is to notice the deposition of the corporation by a particular officer, director, or managing agent pursuant to Rule 30(b)(1), F.R.Civ.P. At such a deposition, the testimony is of the corporation and if the corporation is a party, the testimony may be used at trial by an adverse party for any purpose. Rule 30(a)(2), F.R.Civ.P. The second choice is to notice the deposition of the corporation without specifically naming the person to be deposed by listing in the notice a description '...with reasonable particularity [of] the matters on which examination is requested.' Rule 30(b)(6), F.R. Civ.P. In that event, the corporation is required to '...designate one or more officers, directors, or managing agents or other persons who consent to testify on its behalf, and may set forth for each person designated, the matters on which he will testify.' *Id.* The testimony of the person or persons so designated is the testimony of the corporation and, if the corporation is a party, the testimony may be used at trial by an adverse party for any purpose. Rule 32(a)(2), F.R. Civ.P.

*Id.* at 68. *See also Sugarhill Records, Ltd. v. Motown Record Corp., et al.,* 105 F.R.D. 166 (S.D.N.Y. 1985); Rule 30(b)(6), *Fed.R.Civ.P.* In 1970, Rule 30 was broadened by placing the duty to designate the person with the most knowledge of the subject area to be examined on the corporation; however, "the new procedure does not preclude taking a deposition by any other procedure authorized by the rules. Thus a party who wishes the deposition of a specific officer or agent of a corporation may still obtain it and is not required to allow the corporation to decide for itself whose testimony the other party may have." 8 *Wright & Miller, Federal Practice and Procedure: Civil* § 2103 p. 375

(2d ed. 1970). Furthermore, as the Advisory Committee note to the 1970 amendment to Rule 30 states, "if the examining party believes that certain officials who have not testified pursuant to this subdivision have added information, he may depose them." 48 F.R.D. at 515. Applying this reasoning to the present case, it is clear that the two directors of the claimant corporations have been properly noticed for deposition in Miami, Florida.

■ As claimants in these cases, Scorpio Latina, S.A. and Tiranty, S.A. are seeking affirmative relief by the assertion of an innocent owner defense. To establish this defense, claimants must prove that they have more than mere legal title to the property. Mere legal title, in and of itself, does not insulate property from the reach of 21 U.S.C. § 881(a)(6). *United States v. A Single Family Residence etc.,* 803 F.2d 625, 630 (11th Cir.1986). As that court noted, "possession of bare legal title by one who does not exercise dominion and control over the property is insufficient even to establish standing to challenge a forfeiture." *Id.* at 630. As this Court has previously stated "courts look behind the formal title to determine whether the record title owner is a 'strawman' set up to conceal the financial affairs or illegal dealings of someone else." *United States v. One 1977 36 Foot Cigarette Ocean Racer, etc.,* 624 F.Supp. 290 (S.D.Fla.1985).

The government seeks the deposition testimony of Victoria Escobar and Alba Maria Escobar, two of the three directors of the claimant corporations. These two individuals reside in Medellin, Colombia, while the claimant corporations are Panamanian. Additionally, these two individuals are related to Pablo Escobar, the previous owner of the property, who is alleged to have purchased the property with proceeds derived from narcotics transactions. The government contends that these two deponents have crucial information and knowledge on the issues of standing and innocent ownership. We tend to agree. *See United States v. A Single Family Residence etc.,* 803 F.2d 625 (11th Cir.1986).

Accordingly, it is Ordered that the government shall renotice Victoria Escobar and Alba Maria Escobar for deposition in Miami, Florida. If the deponents choose not to appear, this Court shall have no other alternative but to assume that they are unable to establish either standing or the innocent owner defense as required by law.

2. These cases are hereby continued for an additional 30 days in order to allow the parties to conclude discovery. Trial on both cases is hereby reset for the trial calendar period commencing Monday, September 12, 1988 with a calendar call on Wednesday, September 7, 1988 at 9:30 A.M.

3. Traveler's Motion for Summary Judgment is deferred until discovery is completed. *See* Order dated July 12, 1988.