**Clayton SANDERS, Plaintiff,**

v.

**CIRCLE K CORPORATION, et al., Defendants.**

**No. CIV–90–1961 PHX. WPC.**

United States District Court, D. Arizona.

April 5, 1991.

Newton Douglas Grimwood, Twitty, Sievwright & Mills, Phoenix, Ariz., for Richard Edmonds.

## MEMORANDUM AND ORDER

COPPLE, District Judge.

Only one motion of the several motions which were filed and briefed prior to the April 5, 1991 hearing remains to be ruled on. This Memorandum and Order will address that remaining motion.

### I. Background

Sanders worked for Circle K Corporation as an assistant manager in one of the Phoenix stores. Sanders' immediate supervisor was Richard Edmonds, a Circle K store manager.

As alleged by Sanders, Edmonds sexually harassed and discriminated against him, making sexually suggestive propositions and "touching him in a sexual way." Sanders claims that he requested a transfer to another Circle K store and that Edmonds denied the request. Sanders further alleges that the harassment reached its peak on June 15, 1990 when Edmonds physically attacked him and then fired him.

### II. Rule 30(b)(6) Deposition

After this litigation commenced, Sanders' counsel noticed the deposition of Circle K, pursuant to Rule 30(b)(6). Sanders specifically asked Circle K to produce "one or more officers, directors, managing agents, or other persons who consent to testify" regarding "the events that occurred on June 15, 1990 at the Circle K located at Thirty-sixth Street and Indian School Road in Phoenix, Arizona between the hours of 10:00 p.m. and 12:00 a.m., June 16, 1990, involving Clayton Sanders and Richard Edmonds."

Caroline Barron, Sarah J. Showard, North & Barron P.C., Phoenix, Ariz., for Clayton Sanders.

David A. Selden, John Alan Doran, Streich Lang P.A., Phoenix, Ariz., for Circle K Corp.

Circle K produced Mr. Sergio Mosqueda, the Phoenix Division Human Resource Manager who had the responsibility to investigate the incident that gave rise to this lawsuit. The deposition took place on January 29, 1991. Sanders' motion to compel contends that because Mr. Mosqueda had no personal knowledge of the events which

occurred on June 16, 1990, he was not the proper officer to be designated for the deposition. Sanders' motion to compel seeks to compel Circle K to designate Edmonds as the Rule 30(b)(6) deponent.

Circle K contends that Edmonds was not an officer, director or managing agent for Circle K and that therefore he is not an appropriate corporate spokesperson within the meaning of Fed.R.Civ.P. 30(b)(6).

■ The purpose behind Rule 30(b)(6) is to create testimony that will bind the corporation. *GTE Products Corp. v. Gee*, 115 F.R.D. 67, 68 (D.Mass.1987). Given this purpose, it is clear that a corporation cannot be required to designate a Rule 30(b)(6) designee who lacks authority to speak on behalf of the corporation. *Lepenna v. Upjohn Co.*, 110 F.R.D. 15 (E.D.Pa.1986) (stating that a Rule 30(b)(6) designee must have authority to speak on behalf of the corporation).

Under the facts of the present case, it is clear that Edmonds is not an appropriate corporate spokesperson. His interests are directly adverse to those of Circle K. It is in Edmonds' interest to argue that all of his actions were within the course and scope of his employment at Circle K. It is within Circle K's interest to show that Edmonds was acting outside the course and scope of his employment. It would be contrary to the purpose of Rule 30(b)(6) to require Circle K to designate an individual as a corporate spokesperson who has interests diametrically opposed to those of the corporation.

■ It is because of Sanders' attempts to misapply Rule 30(b)(6) that Circle K filed a cross-motion for sanctions. Because it would be clearly inappropriate to require Circle K to designate Edmonds as the corporate spokesperson, Circle K's cross-motion for sanctions will be granted to the extend that Sanders will be required to pay Circle K's attorneys fees in the amount of $200.00 for having to respond to the frivolous motion.

IT IS THEREFORE ORDERED:

(1) Sanders Motion to Compel Compliance with Rule 30(b)(6) is hereby denied; and

(2) Circle K's Cross-motion for Sanctions is granted to the extent that Sanders' attorney is required to pay Circle K $200.00 in attorney's fees.