UNITED STATES of America, Plaintiff,

v.

CERTAIN REAL PROPERTY, COMMONLY KNOWN AS 1720 ISLAND COURT, GREEN BAY, WI, Defendant.

No. 90–C–629.

United States District Court,
E.D. Wisconsin.

June 17, 1991.

---

John E. Fryatt, U.S. Atty. by William Lipscomb, Asst. U.S. Atty., Milwaukee, Wis., for plaintiff.

Shellow, Shellow & Glynn by James A. Walrath, Milwaukee, Wis., for defendant.

## DECISION AND ORDER

MYRON L. GORDON, Senior District Judge.

The United States initiated the instant civil forfeiture action against the defendant, certain real property commonly known as 1720 Island Court, Green Bay, Wisconsin, on June 22, 1990, by obtaining from this court a warrant for arrest in rem. The warrant was issued after the court was satisfied that one of the residents of the property, Roger Garrity, had utilized the property in connection with the sale of controlled substances. The warrant was executed on June 28, 1990.

Shortly thereafter, James and Mildred Garrity filed a claim and an answer asserting that they were the true and innocent owners of the defendant property. On March 21, 1991, the court granted James and Mildred Garrity's unopposed motion for summary judgment; they now seek, pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412, an award of attorney's fees. The motion for attorney's fees will be denied.

The Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A) provides that "a court shall award a prevailing party fees and other expenses ... unless the position of the United States was substantially justified or that special circumstances make an award unjust." The claimants were the prevailing parties within the meaning of the Equal Access to Justice Act. The only issue before the court is whether the government's pursuit of this action was "substantially justified."

The claimants assert that since they notified the government of their "irrefutable innocent owner defense", see p. 4 of the claimants' brief, soon after this action was initiated, the government was unreasonable in pursuing the action thereafter. In my opinion, the claimants' stake in the property was neither clear-cut nor "irrefutable."

The innocent owner defense burdens the claimant with proving two elements: (1) ownership of the property and (2) lack of knowledge regarding the illegal use of the property. 21 U.S.C. § 881(a)(4)(C). The fact that the government did not oppose the claimants' defense at the summary judgment stage does not also require the conclusion that its position was unjustified.

As to the first element, the court is satisfied that the government's challenge to the claim of ownership was substantially justified. Although title to the defendant property was held by the Garrity Revocable Trust Agreement since February 10, 1988, Roger Garrity and his family had exercised dominion and control over the property for the past twenty-two years and had lived there rent-free. The settlors and co-trustees are the claimants. At the time this action was initiated, their seven children, including Roger Garrity, each held a one-seventh future interest in the property. It is not inappropriate for the government to look beyond the title to investigate the possibility of a "strawman owner" set up

to conceal the illegal activities of another. *United States v. One Parcel of Real Estate at 5860 North Bay Road,* 121 F.R.D. 439, 440 (S.D.Fla.1988).

There was an open question throughout this litigation whether the activities of Roger Garrity were conducted without the claimants' "knowledge, consent or willful blindness." 21 U.S.C. § 881(a)(4)(C). Accordingly, the government's pursuit of this forfeiture action was substantially justified.

Therefore, IT IS ORDERED that the claimants' motion for an award of attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412, be and hereby is denied.