**Jack F. MOORE and John M. Grau, in their representative capacities as Trustees of the National Electrical Contractors Association Pension Benefit Trust Fund, Plaintiffs,**

*v.*

**PYROTECH CORPORATION
and Coastal Resources,
Inc., Defendants.**

**Civ. A. No. 90–2178–O.**

United States District Court,
D. Kansas.

June 25, 1991.

Stephen D. Bonney, Jolley, Walsh & Hager, P.C., Kansas City, Mo., Christopher S. Richardson, John Counts, Counts & Kanne, Chtd., Washington, D.C., for plaintiffs.

Catherine A. Reinmiller, J.C. Hambrick, Jr., Schulz, Bender, Maher & Blair, Kansas City, Mo., for defendants.

## MEMORANDUM AND ORDER

EARL E. O'CONNOR, Chief Judge.

This matter is before the court on plaintiffs' motion to review Magistrate Judge Rushfelt's May 6, 1991, Memorandum and Order. In his order of May 6, 1991, Magistrate Judge Rushfelt ruled that plaintiffs must depose Earl King, an officer and director of the defendant corporations, in Vancouver, British Columbia. In so holding, Magistrate Judge Rushfelt noted that King had not been designated as a corporate representative by the defendants. Plaintiffs in the instant motion request the court to reverse the ruling of the Magistrate Judge and order defendants to produce Mr. King for a deposition at the defendants' corporate offices and main place of business in Leawood, Kansas. Defendants have not responded to plaintiffs' motion.

Under 28 U.S.C. § 636(b)(1)(A), a district judge's scope of review of a magistrate judge's determination is limited to whether the order is "clearly erroneous or contrary to law." *See also* D.Kan.Rule 604(a); Fed.R.Civ.P. 72(a). In their motion, plaintiffs contend that Magistrate Judge Rushfelt's order was contrary to law. Specifically, plaintiffs note that Mr. King, as an officer and director of the defendants, does not have to be designated by the defendants pursuant to Rule 30(b)(6) to be deemed a representative of the defendants. Rather, plaintiffs assert, King is automatically deemed a corporate representative because of his role as a director and officer. Accordingly, plaintiffs argue, Mr. King must be produced for deposition on behalf of the corporate defendants at their corporate offices and main place of business.

Upon review, the court finds that the order of May 6, 1991, was contrary to law. As pointed out by the plaintiffs, a deposing party may obtain the deposition of a corporation through two alternative methods. First, as noted by Magistrate Judge Rushfelt, the deposing party may name the corporation as the deponent in its notice and then allow the corporation to designate one or more employees to testify on its behalf as representatives. Fed. R.Civ.P. 30(b)(6). Alternatively, however, a deposing party may, pursuant to Rule 30(b)(1), specifically name as the deponent a corporate employee. *GTE Products Corp. v. Gee*, 115 F.R.D. 67, 68 (D.Mass. 1987). If the named employee is a director, officer, or managing agent of the corporation, such employee will be regarded as a representative of the corporation. *Id.* Regardless of which method is used, the corporation is responsible for producing its representatives for deposition. 8 Wright & Miller, *Federal Practice and Procedure: Civil* § 2103, at 374–75 (2d ed. 1970). Further, such depositions are ordinarily taken at the corporation's principal place of business unless justice requires otherwise. *Id.* § 2112, at 410. Here, plaintiffs specifically wish to depose Mr. King, a director and officer of the defendants. In light of the above-cited authority, the court finds no reason for denying plaintiffs' request. Further, because defendants have filed no response to the instant motion, the court finds no justification for allowing the deposition to be taken other than at the defendants' principal place of business. Accordingly, plaintiffs' motion will be granted.

IT IS THEREFORE ORDERED that plaintiffs' motion to review Magistrate Judge Rushfelt's May 6, 1991, Memorandum and Order (Doc. # 46) is hereby granted.