## CIRCUIT COURT OF FAIRFAX COUNTY

Kerr Contracting Corp.

v.

Rector and Visitors
of George Mason University

v.

H. C. Yu and Associates
Consulting Engineers

October 31, 1991

Case Nos. (Law) 93065, 96232, 102026, 97183

By JUDGE ROSEMARIE ANNUNZIATA

The matter before the Court is George Mason University's Motion to Compel and Motion for Sanctions against Kerr Contracting Corporation and its counsel. This case arose out of the installation and maintenance of a high temperature hot water generator which was incorporated into the Central Heating Plant of George Mason University ("GMU"). Kerr Contracting Corporation served as the general contractor for this project and subcontracted portions of the project to others. Pursuant to its contract with GMU, Kerr Contracting Corp. secured an insurance bond which was issued by the Reliance Insurance Company as surety. After it completed work on the project, Kerr Contracting Corp. filed suit against GMU seeking delay damages

under the contract and damages for breach of contract. GMU subsequently filed a separate suit against Kerr Contracting Corp. and its bonding company, Reliance Insurance Company, seeking damages for the cost of repairing and rebuilding the hot water generator installed by the Kerr Contracting Corp. under breach of contract and breach of warranty theories.

These cases were consolidated for trial, and during the course of discovery, GMU noticed the deposition of Reliance Insurance Company ("Reliance") pursuant to Rule 4:5(b)(6) of the Supreme Court of Virginia. In response to this notice, Robert F. Kerr, Jr., President of Kerr Contracting Corp., appeared at the deposition to testify as the corporate representative of Reliance. Counsel for GMU proceeded to depose Robert Kerr on the issues set forth in the notice of deposition as well as on the issue of whether the deponent Kerr was authorized to speak for Reliance. During the deposition, counsel for Reliance, who is also counsel for Kerr Contracting Corp., objected to several questions propounded by GMU and instructed the deponent not to answer. GMU's Motion to Compel and Motion for Sanctions are based on claims that the designation of Robert Kerr as Reliance's representative at the deposition was improper and that counsel's objections and instructions to the deponent not to answer certain questions were likewise improper. GMU's motion seeks to compel Reliance to produce a representative with knowledge of the topics set forth in the deposition notice and requests that GMU be awarded the attorney's fees and costs it incurred while taking the deposition of Mr. Kerr. For the reasons stated below, the motions are granted.

GMU argues first that the designation of Kerr as the corporate spokesman of Reliance is not consistent with the mandate of Rule 4:5(b)(6). The purpose behind this rule, which parallels Rule 30(b)(6) of the Federal Rules of Civil Procedure, is to produce testimony by deposition that will bind the corporation. *GTE Products Corp. v. Gee*, 115 F.R.D. 67, 68 (D. Mass. 1987). Thus, the designee must have authority to speak on behalf of the corporation in order to meet the requirements of the Rule.

Under the facts of this case, it does not affirmatively and clearly appear that Robert Kerr had the authority

to speak on behalf of Reliance. He is not an officer, director, agent or employee of the corporation, and, even accepting that a third party with no formal relationship with a corporation can be designated by that corporation, with the party's consent, to speak for and bind the corporation, here, neither the deposition record nor the file clearly evidences any intent on the part of Reliance to grant Robert Kerr the authority to bind it. *See* transcript of deposition dated October 7, 1991, pp. 36-38, 62-63.

Furthermore, it appears from the face of the pleadings, as well as from the deposition testimony of Robert Kerr when he testified on behalf of his own corporation, Kerr Contracting Corp., that the interests of Mr. Kerr and Reliance are or may potentially be adverse.[1] Such potentially adverse interests raise questions about the propriety and validity of the designation of Mr. Kerr as Reliance's representative. *See, Sanders v. Circle K. Corporation*, 137 F.R.D. 292, 294 (D. Ariz. 1991). In light of the potential conflict between Mr. Kerr and Reliance, the need for a clear grant of authority for him to bind Reliance becomes even more critical.

Finally, because of the numerous objections of counsel for Reliance, and, in particular, his instructions to the deponent not to answer several questions asked, it is unclear from the deposition whether Mr. Kerr had sufficient knowledge of the relevant circumstances to bring his designation into compliance with the Rule.

GMU also bases its motions on the grounds that opposing counsel's objections and instructions to the deponent not to answer several questions were improper. First, I note that counsel's objections to the questions as beyond the scope of the notice of deposition were not proper.

---

[1] At his deposition on August 26, 1991, Robert Kerr testified that GMU's threat to terminate the project for which Kerr Contracting Corp. had contracted caused Kerr's bonding company, Reliance Insurance Company, to stop writing bonds for his corporation, thus impacting on Kerr's ability to pursue new contracts. Consequently, the reasons for Reliance's decision to terminate its relationship with the Kerr Contracting Corp. and to limit its bonding of Kerr's projects, and, in particular, whether GMU, Reliance, or the Kerr Contracting Company itself caused the termination of the relationship and any damages that resulted therefrom became issues in the case.

The questions propounded were material to the inquiry and were encompassed within the scope of inquiry set forth in GMU's notice of deposition. Second, in the absence of a protective order, instructing a deponent not to answer a deposition question is not proper unless done in order to protect privileged information or trade secrets. *See, Aetna Casualty & Surety Company v. Corroon & Black, Inc.,* 10 Va. Cir. 207 (1987) (citing *Egelston v. Chicago Journeyman Plumbers Local Union # 130,* 657 F.2d 890 (7th Cir. 1981); *Ralston Purina Co. v. McFarland,* 550 F.2d 967 (4th Cir. 1977); *American Hangar, Inc. v. Vasic Line, Inc.,* 105 F.R.D. 173 (D. Mass. 1985). Since it does not appear from the deposition transcript that the questions at issue involved privileged information or trade secrets, counsel's instructions to the deponent not to answer were improper. The proper course for counsel to take was to state the objection for the record and allow the question to be answered. *Id.*

Accordingly, for the reasons stated above, GMU's Motions to Compel and for Sanctions are granted. If Reliance chooses to designate Robert Kerr as its corporate representative at the deposition noticed by the defendant, the grant of authority to Robert Kerr to speak for and bind Reliance on the issues noticed must affirmatively appear in the record in writing. In the alternative, Reliance may designate another individual consistent with the mandate of Rule 4:5(b)(6). Objections to the questions propounded should be stated on the record, and the question must then be answered unless the matter involves privilege, a trade secret, or matters which have been made subject to a protective order.

A specific monetary award representing sanctions will be made after evidence on the issue is presented for the Court's consideration.