**James STONE, Plaintiff,**

v.

**MORTON INTERNATIONAL, INC., Defendant.**

**No. 96–NC–006 W.**

United States District Court, D. Utah, Central Division.

Feb. 24, 1997.

Robert H. Wilde, Midvale, UT, for Plaintiff.

Michele Mitchell, Salt Lake City, UT, for Defendant.

## MEMORANDUM AND ORDER

BOYCE, United States Magistrate Judge.

The plaintiff James Stone brought this suit under the federal Age Discrimination in Employment Act (ADEA) 29 U.S.C. § 626(c) against defendant Morton International. The plaintiff contends his termination by defendant during a corporate division restructuring was because of age and in violation of ADEA.

On December 19, 1996, plaintiff's counsel made a motion to compel Morton International to produce one of its officers, George Kirchoff, in Utah for a deposition. The main office of Morton International are in Chicago, Illinois, a portion of its auto product safety division operates from plants in Northern Utah. Kirchoff was the Vice–President of program management and had been plaintiff's immediate supervisor in Utah at the time of the events complained about by plaintiff. Kirchoff had previously been located in Northern Utah. Plaintiff served a notice of deposition on defendant's counsel to take Kirchoff's deposition as a vice president of defendant and to take it in Midvale, Utah. Kirchoff was not available at the time of the original notice and eventually defendant advised plaintiff that Kirchoff would not be available for a deposition. Kirchoff is currently the European Vice President and Managing Director for Morton Automotive Safety Product in Germany. His residence and principal place of business is in Germany. He currently has no trips scheduled to Utah. He also asserts that he has no direct knowledge about the elimination of the position held by plaintiff and was not involved in the decision to eliminate the position (File Entry # 37). Plaintiff's original motion to compel the production of George Kirchoff in Utah cited no direct basis in the Rules of Civil Procedure for the motion.

After hearing, the court denied the motion to compel finding that neither Kirchoff nor Morton International had consented to the deposition of Kirchoff in Midvale, Utah, that he had not been designated for deposition under Rule 30(b)(6) F.R.C.P., and his presence for deposition could only be arranged pursuant to Rule 45, F.R.C.P. (File Entry # 31). The plaintiff has now requested re-

consideration of that ruling. The plaintiff contends that Rule 30(b)(1) F.R.C.P. allows plaintiff to notice for deposition any director, officer, or managing agent of defendant and to compel defendant to produce the person in this forum (Utah) for deposition. The defendant on behalf of Kirchoff and Morton has sought a protective order to be relieved from producing Kirchoff in Utah for a deposition.

Rule 30(b)(1) F.R.C.P. allows a party to notice for deposition on oral examination "any person." Nothing in Rule 30(b)(1) refers to a corporation or a director managing agent, or officer. Nothing in Rule 30(b)(1) obligates a corporation to produce an officer, not a party to the litigation, at a deposition. Rule 30(b)(6) F.R.C.P. allows a party in a "notice and in a subpoena" to "name as deponent a public or private corporation or [other association] and describe with reasonable particularity the matters on which examination is requested." Where Rule 30(b)(6) is involved the organization must "designate one or more officers, characters, or managing agents," [or other person] who are to testify on the subjects. Rule 30(b)(6) provides that it "does not preclude taking a deposition by any other procedure authorized" by the rules. This suggests another procedure may be employed.

In *King v. Pratt & Whitney*, 161 F.R.D. 475 (D.S.D.Fla.1995) the court said a "corporation has an affirmative duty to produce a representative who can answer questions that are both within the scope of the matters described in the notice and are 'known or reasonably' available to the corporation. Rule 30(b)(6) delineates this affirmative duty." The court also held Rule 30(b)(6) does not limit what may be asked of the deponent. The language of the opinion could be read as indicating the limit of a corporation's duty to produce, Rule 30(b)(6). The opinion could also be read in saying other means could be used and that if the rules otherwise compel a corporate representative to appear, the other rule is available for such purposes. Rule 30(b)(6) was intended to facilitate obtaining information from a corpora-

tion through its officers. When Rule 30(b)(6) was adopted in 1970, the *Advisory Committee Notes* indicated this "supplemented existing practice whereby the examining party designates the corporate official to be deposed. Thus, if the examining party believes that certain officials have not testified pursuant to this subdivision, he may depose them." This comment supports the conclusion that a corporate official may be specifically noticed for deposition. 30(b)(1) expressly allows any "person" to be noticed for a deposition. However, neither Rule 30(b)(1) nor 30(b)(6) address the obligation of a corporate party to produce the corporate officer or specify at whose expense. The *Advisory Committee Notes* do state "on the other hand, a court's decision whether to issue a protective order may take account of the availability and use made of the procedures" under Rule 30(b)(6). In this case, plaintiff does not appear to have invoked Rule 30(b)(6) or exhausted its remedy. It is appropriate in many instances that that be done to avoid merely noticing and/or subpoenaing unnecessary persons whose activities may be disrupted and whose information may be of slight utility or otherwise available.

Rule 45, F.R.C.P. is the usual rule for compelling a non-party witness to appear for deposition or trial. Rule 45(b)(2) provides for service of a subpoena for a deposition and provides for a 100 mile limitation as to the place of appearance, subject to Rule 45(c)(3)(A) F.R.C.P. Rule 45(3)(A) allows a court, on motion, to quash or modify the subpoena. Subsection (c)(3)(A)(ii) provides the subpoena may be quashed or modified if it requires "a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed, or regularly transacts business in person." Rule 45 F.R.C.P. allows a corporate officer[1] of a party to be subpoenaed to appear beyond the 100 mile limitation. Usually a party subpoenaing such a person would bear the costs of the production of the witness. Under plaintiff's theory that a party may notice the deposition of any corporate director, officer, or managing agent merely upon notice under

---

**1.** Nothing is said about a managing agent but it is assumed such a person could be considered an    officer.

Rule 30(b)(1) and compel production, the corporation would bear the cost absent a court order. Rule 45, F.R.C.P. does extend the subpoena power more broadly to a corporate officer than to a non-party because the corporate officer of a party may be considered the corporate alter ego. However, the question of the application of Rule 45, F.R.C.P. to corporate officers is particularly important in light of the fact that many corporations have a variety of officers and business locations in various places with many outside the United States. Rule 45 would seem to answer the issue as to requiring a corporate officer of a party to appear in a remote location. However, the rule does not expressly state that a subpoena is the method to obtain the presence of a nonparty corporate officer of a party for deposition.

Rule 30(b)(1) F.R.C.P. does not expressly obligate a corporation to produce a corporate director, officer or managing agent in the litigation forum for deposition. What is of concern in reading into Rule 30(b)(1) such an obligation is that the forum may be remote to the residence and place of business of the corporate official, as in this case. Also, the corporate official may not be a particularly knowledgeable person about matters at issue in the litigation. An automatic obligation to produce a corporate officer for deposition pursuant to notice under Rule 30(b)(1) F.R.C.P. is susceptible to abuse. Although a protective order may be sought under Rule 26(c) F.R.C.P., that procedure necessarily adds to the burdens on the court and conflicts between the parties, as in this case.

Rule 30(a)(1) F.R.C.P. provides:

A Party may take the testimony of any person, including a party, by deposition upon oral examination without leave of court except as provided in paragraph (2). The attendance of witnesses may be compelled by subpoena as provided in Rule 45.

This rule could be interpreted as indicating that notice of deposition may be given but if a party or person will not consent to appear, the party seeking the deposition should proceed under Rule 45, F.R.C.P. That would be compatible with Rule 45(c)(3)(A)(ii). However, it does not appear this construction has been judicially imposed.

The plaintiff contends judicial decisions support the position that if a corporation, that is a party, is given specific notice of the other party's wish to depose the corporation's director, officer or managing agent, the corporation must produce its official for deposition. Plaintiff relies on *GTE Products Corp. v. Gee,* 115 F.R.D. 67, 68 (D.Mass. 1987). In that case, plaintiff served notice on a corporation to take the deposition of corporate employees who were *not* officers, directors, or managing agents. The court held the notice method could not be used to compel the corporation to produce such persons. Id. p. 69.[2] In what is a dicta statement the court said:

The plaintiff is correct. It has long been established that the deposition of a corporation may be taken only by an officer, director or managing agent. A party seeking to take the deposition of a corporation has two choices. The first choice is to notice the deposition of the corporation by a particular officer, director, or managing agent pursuant to Rule 30(b)(1), F.R.Civ.P. At such a deposition, the testimony is of the corporation and if the corporation is a party, the testimony may be used at trial by an adverse party for any purpose. Rule 32(a)(2), F.R.Civ.P. The second choice is to notice the deposition of the corporation without specifically naming the person to be deposed but listing in the notice a description "... with reasonable particularity [of] the matters on which examination is requested." Rule 30(b)(6), F.R.Civ.P. In that event, the corporation is required to "... designate one or more officers, directors, or managing agents or other persons who consent to testify on its behalf, and may set forth for each person designated, the matters on which he will testify." Id. The testimony of the person or persons so designated is the testimony of the corporation and, if the corporation is a party, the testimony may be used at trial by an adverse party for any purpose. Rule 32(a)(2),

115 F.R.D. at p. 68.

The above statement is correct as to the fact that any person's deposition may be

---

2. The corporation had agreed to produce persons who were corporate officers.

noticed under Rule 30(b)(1). However, the court does not say that the deposition of a corporate director, officer or managing agent may be compelled by the notice method. No citation in support of that assertion of plaintiff is made in the *GTE* case. The case does not directly support the plaintiff's assertion that a corporate director, officer, or managing agent must appear on mere notice given to the corporate party that a nonparty corporate officer is to be deposed.

Plaintiff also relies on *Moore v. Pyrotech,* 137 F.R.D. 356 (D.Kan.1991). The issue was the place where a corporate officer should be deposed. The court framed the issue as whether plaintiff must use Rule 30(b)(6), F.R.C.P. or whether the officer "is automatically deemed a corporate representative because of his role as director and officer" and subject to deposition at the main offices of the corporation. The court said:

> As pointed out by the plaintiffs, a deposing party may obtain the deposition of a corporation through two alternative methods. First, as noted by Magistrate Judge Rushfelt, the deposing party may name the corporation as the deponent in its notice and then allow the corporation to designate one or more employees to testify on its behalf as representatives. Fed.R.Civ.P. 30(b)(6). Alternatively, however, a deposing party may, pursuant to Rule 30(b)(1), specifically name as the deponent a corporate employee. *GTE Products Corp. v. Gee,* 115 F.R.D. 67, 68 (D.Mass.1987). If the named employee is a director, officer, or managing agent of the corporation, such employee will be regarded as a representative of the corporation. Id. Regardless of which method is used, the corporation is responsible for producing its representatives for deposition. 8 Wright & Miller, Federal Practice and Procedure: Civil § 2103, at 374–75 (2d ed. 1970). Further, such depositions are ordinarily taken at the corporation's principal place of business unless justice requires otherwise.

137 F.R.D. p. 357.

It should be observed that there was no citation to any rule of civil procedure to support the conclusion that the "corporation is responsible for producing its representa-tive for deposition." Further, the place of the deposition was more at issue than the question of the obligation to produce. The only case reference was to *GTE Products Corp.,* supra, where the 30(b)(1) procedure was discussed as *dicta.* However, the Court's conclusion supports plaintiff's position.

The reference in *Moore* to Wright and Miller, § 2103 provides little additional support for the plaintiff's claim. No case is cited in § 2103 directly supporting an obligation to produce. At one point the authors note that prior to the adopting of Rule 30(b)(6) in 1970 "A problem that arose frequently in the cases was the extent to which the corporation was responsible for producing such persons to have their deposition taken. . . ." The following discussion centers on the application of Rule 30(b)(6). However, at one point, Id. p. 32 [1993 version] the authors observe tersely, "Because Rule 30(b)(6) imposes on the organization the obligation to select the individual witness, the party seeking discovery is not permitted to insist that it choose a specific person to testify unless the person designated is an officer, directive or managing agent whom the corporation *may* be required to produce under Rule 30(b)(1)" (emphasis added) (citing to *GTE Products Corp. v. Gee,* supra.) See also *Sanders v. Circle K Corp.,* 137 F.R.D. 292 (D.Ariz.1991) (in sexual harassment suit, plaintiff's immediate supervisor who was not a corporate officer was not required to be produced). Wright & Miller's support appears not to be as much based in the Rules of Civil Procedure as court practice and interpretation. Id. p. 37. See also Note, *Discovery Against Corporation Under The Federal Rules,* 47 Iowa L.Rev. 1006 (1962).

In *United States v. Afram Lines,* (USA), Ltd. 159 F.R.D. 408, 413 (D.S.D.N.Y.1994) the court considered a motion to strike an answer for failure to produce witnesses. The opposing party, cross claimed for reimbursement of costs for attending overseas depositions. The court concluded that some of the deponents were not managing agents of a corporate party. Many were overseas port agents. Relevant to the issue in this case the court said:

Only a party to litigation may be compelled to give testimony pursuant to a notice of deposition. If the party is a corporation, it may be noticed pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, in which case it must designate an officer, director, or managing agent to testify on its behalf. Alternatively, the party seeking the deposition may identify a specific officer, director, or managing agent to be deposed and notice that person under Rule 30(b)(1). The testimony of such a person will be binding on the party. However, a corporate employee or agent who does not qualify as an officer, director, or managing agent is not subject to deposition by notice. See *GTE Products Corp. v. Gee,* 115 F.R.D. 67, 68–69 (D.Mass.1987); *Sugarhill Records Ltd. v. Motown Record Corp.,* 105 F.R.D. 166, 169 (S.D.N.Y.1985). Such a witness must be subpoenaed pursuant to Rule 45 of the Federal Rules of Civil Procedure, or, if the witness is overseas, the procedures of the Hague Convention or other applicable treaty must be utilized. 159 F.R.D. at p. 413.

Since the issue decided was whether the deponents were managing agents, the court did not have to focus squarely on the issue of the obligation to produce, but the court's discussion supports plaintiff's construction of Rule 30(b)(1) F.R.C.P.

In *Sugarhill Records Ltd. v. Motown Record Corp.,* 105 F.R.D. 166, 169 (D.S.D.N.Y. 1985) a similar conclusion was reached without citation to Rule 30(b)(1). The court supported the position by reference to case law before the 1970 Rules changes and held the corporation could however, produce someone else with knowledge. This supports the approach noted before, in the Advisory Committee Notes, infra, that in considering whether to compel the attendance of a witness, the court may consider whether the process under Rule 30(b)(6) has been pursued.

In *United States v. One Parcel Of Real Est. At 5860 N. Bay Road,* 121 F.R.D. 439 (D.S.D.Fla.1988) the court cited following the dicta in *GTE,* supra, and held the United States was not limited to a corporate designated witness but could notice others for deposition.

Of significance on this issue is Rule 37(d) F.R.C.P. [Effective Dec. 1, 1993] which provides:

If a party or an officer, director or managing agent of a party or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a party fails (1) to appear before the officer who is to take the deposition, after being served with a proper notice,

xxxxxxxxx

.....the court in which the action is pending on motion may make such orders in regard to the failure as are just.....

█ This rule supports the conclusion that the "officer, director, or managing" agent should appear at a deposition. See *Founding Church of Scientology of Washington, D.C. Inc. v. Webster,* 802 F.2d 1448, 1452 (D.C.Cir.1986); Wright & Miller, supra, § 2103, p. 43. However, there is no reference in Rule 37(d) to Rule 30(b)(1) or Rule 45 in Rule 37(d). Additionally, the court has wide discretion in imposing sanctions under Rule 37(d) and in addressing the parties' interests when, as in this case, a protective order is also sought. *Robison v. Transamerica Ins. Co.,* 368 F.2d 37, 39 (10th Cir. 1966).

█ The above discussion shows the Rules of Civil Procedure do not provide direct and concrete support for the obligation of a corporation to produce a director, officer or managing agent pursuant to notice under Rule 30(b)(1) F.R.C.P. The rules are to some extent inconsistent or at least blurred. See Rule 45(3)(A)(ii) and Rule 31(a)(1) F.R.C.P. The courts have attempted to construct a specific interpretation relative to the corporate obligation to produce a corporate officer, director, or managing agent on notice.[3] The line of cases, using various references, supports the conclusion that a party

---

**3.** Because of the ambiguity in the Rules, and the possible confusion, as well as the need for clear guidance for the courts, the Judicial Conference of the United States should clarify the Rules of Civil Procedure on this issue.

**504**

can, by notice, require a corporation to produce a director, officer or managing agent for deposition. However, the corporation can seek protective relief under Rule 26(c) F.R.C.P. See also Rule 26(b)(2) F.R.C.P. In determining what relief to allow, the court can consider whether the party seeking the deposition has made an effort to obtain information under Rule 30(b)(6). See other factors that may support a protective order discussed in *Thomas v. International Business Machines,* 48 F.3d 478, 483 (10th Cir. 1995).

 In regard to the place of any deposition, this court has substantial discretion to specify the place of the deposition. *In re Standard Metals Corp.,* 817 F.2d 625 (10th Cir.1987). However, generally the deposition of a corporate officer "should ordinarily be taken at its principal place of business," *Thomas v. International Business Machines,* supra p. 483, or at the deponent's residence or place of business as a matter of convenience. In this case, Kirchoff is Vice President of Morton International's European division and resides in Germany. He does not have frequent occasion to come to the Utah offices of Morton. Morton's principal place of business is in Chicago, Illinois and it can be reasonably inferred that Kirchoff would be present in Chicago from time to time.

■ The defendant Morton International contends Kirchoff has no knowledge of the circumstances leading to the elimination of defendant's position and his discharge. Plaintiff Stone's affidavit in support of the motion to compel is at best a slim indication of Kirchoff's participation or knowledge. Kirchoff denies any knowledge or participation of any significance in the matter. However, in support of the motion for reconsideration, Stone has submitted portions of the deposition of Charles H. Seebock, local Morton Vice President, which mentions a conversation with Kirchoff about the matter. Kirchoff was Stone's immediate superior at one time. Other references to Kirchoff are contained in the deposition and are not more than foundation references. The references to Kirchoff are vague and slim at best as having real significance to this case, but the

court cannot say Kirchoff's deposition would not be "reasonably calculated to lead to the discovery of admissible evidence." Rule 26(b)(1) F.R.C.P. However, the showing is weak and defendant's request for a protective order has merit. See *Thomas,* supra. Therefore,

**IT IS HEREBY ORDERED:**

1. Plaintiff may not take the deposition of George Kirchoff without first showing compliance with Rule 30(b)(6) F.R.C.P. or other discovery methods and the reasonable exhaustion of the relevant subject matter. Then if it appears Kirchoff's deposition may still provide relevant information, the deposition may be taken on motion to the court showing the justification.

2. Kirchoff's deposition will not be taken in Midvale or Salt Lake City, Utah without a showing of his availability in the Salt Lake City area within a reasonable time or with the consent of defendant. It is reasonable to assume Kirchoff's presence at Morton's corporate headquarters in Chicago, Illinois may occur more frequently and be a reasonable place for a deposition. The court may, on a proper showing, require Kirchoff to appear in Chicago, Illinois for a deposition.