The BOARD OF TRUSTEES OF the LELAND STANFORD JUNIOR UNIVERSITY, et al.

v.

TYCO INTERNATIONAL LTD., et al.

No. CV 00–100584–TJH(RCx).

United States District Court,
C.D. California.

March 20, 2008.

Frederick A. Lorig, Diane C. Hutnyan, Sidford Lewis Brown and G. Lisa Wick,

Quinn Emanuel Urquhart Oliver & Hedges, Los Angeles, CA, Patrick F. Bright, Wagner, Anderson & Bright, Glendale, CA, for Plaintiffs.

Steven D. Glazer, Daniel J. Melman, Alfredo A. Perez de Alejo and Etai Lahav, Weil, Gotshal & Manages, New York City, Sean M. Kneafsey, Kneafsey Tostado & Associates, Los Angeles, CA, for Defendant Pirelli S.p.A.

Steven H. Weinstein and Peter Sindhuphak, Barger & Wolen, Los Angeles, CA, Lawrence B. Goodwin, Peter J. Toren and Steven D. Chin, Kasowitz, Benson, Torres & Friedman, New York City, for Defendant JDS Uniphase Corporation.

## PROCEEDINGS: (IN CHAMBERS) ORDER GRANTING, IN PART, PLAINTIFFS' EX PARTE APPLICATION FOR AN ORDER COMPELLING PIRELLI RULE 30(b)(6) DEPOSITIONS

ROSALYN H. CHAPMAN, United States Magistrate Judge.

Plaintiffs' ex parte application seeks this Court's order compelling defendant Pirelli's Rule 30(b)(6) deposition on Topic nos. 1–3, 6–15, 17, 30–31, 37 and 40 on the grounds Mr. Caruso, who was designated to testify on the preceding topics except nos. 1–3, was unprepared to testify and Pirelli's counsel improperly instructed both Mr. Caruso and Mr. Grasso, Pirelli's designee on Topic nos. 1–3, not to answer questions about Exhibits 1019–1021, 1023–1026, 1028 and 1030–1062.

### BACKGROUND

The plaintiffs issued a Rule 30(b)(6) deposition notice to defendant Pirelli setting forth 40 deposition topics, and on February 15, 2008, Pirelli designated Giorgio Grasso, a current Pirelli employee, as the person most knowledgeable ("PMK") to testify on Topic

nos. 1–3, Pier Giovanni Giannesi, another current Pirelli employee, as PMK on Topic nos. 11, 15, 37 and 40, and Sebastiano Caruso, a former Pirelli employee, as PMK on Topic nos. 6–15, 17, 30–31, 37 and 40. Declaration of Emily Smith ¶ 5, Exh. 8; Declaration of Daniel J. Melman ¶ 9, Exh. 2. The three depositions took place in Milan, Italy, on March 10, March 11, and March 12, 2008. *See* Smith Decl. ¶¶ 13–15, Exhs. 14–17.

The deposition of Mr. Giannesi apparently was accomplished without event. At his deposition on March 10, 2008, however, Mr. Caruso acknowledged he had not prepared himself to speak on Topic nos. 7, 9, 10, 12, 14, 17, 30, 31, 37 and 40. Smith Decl. ¶ 14, Exh. 16 at 25–31. Additionally, Pirelli's counsel "instruct[ed] Mr. Caruso to not to [sic] answer any questions regarding [Exhibits 1019–1021, 1023–1026, 1028 and 1030–1034] on the basis that [they] w[ere] not properly designated by plaintiffs pursuant to paragraph 14 of the court's general discovery order." *Id.* at 62–117. At the deposition of Mr. Grasso on March 11, 2008, Pirelli's counsel similarly instructed Mr. Grasso not to answer questions regarding Exhibits 1035–1062. Smith Decl. ¶ 15, Exh. 17 at 35–100.

### DISCUSSION

Rule 30 of the Federal Rules of Civil Procedure provides two methods by which a party may take a corporation's deposition: (1) Rule 30(b)(1) allows a party to notice a particular corporate officer, director or managing agent's deposition; and (2) Rule 30(b)(6) permits a party to notice a corporation's deposition without specifically naming the individual to be deposed and instead setting forth "with reasonable particularity" the matters on which the examination is requested, so the corporation can designate one or more individuals to testify.[1] By either method, the deponent's testimony is the corpora-

---

1. Specifically, Rule 30(b)(6) provides:

   In its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination. The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify.... The persons designated must testify about information known or reasonably available to the organization. This paragraph (6) does not preclude a deposition by any other procedure allowed by these rules. Fed.R.Civ.P. 30(b)(6).

tion's testimony, and if the corporation is a party, "the testimony may be used at trial by an adverse party for any purpose." *GTE Prods. Corp. v. Gee,* 115 F.R.D. 67, 68 (D.Mass.1987); *Sanders v. Circle K Corp.,* 137 F.R.D. 292, 294 (D.Ariz.1991). Thus, "'[i]n a Rule 30(b)(6) deposition, there is no distinction between the corporate representative and the corporation.'" *Rosenruist–Gestao E Servicos LDA v. Virgin Enter. Ltd.,* 511 F.3d 437, 445 (4th Cir.2007) (quoting *Sprint Commc'n Co., L.P. v. Theglobe.com.,* 236 F.R.D. 524, 527 (D.Kan.2006) (omitting footnote)).

▮▮▮ In light of this, [w]ith regard to choosing a deponent to speak on behalf of the corporation, companies "have a duty to make a conscientious, good-faith effort to designate knowledgeable persons for Rule 30(b)(6) depositions and to prepare them to fully and unevasively answer questions about the designated subject matter." Notably, and because Rule 30(b)(6) explicitly requires a company to have persons testify on its behalf *as to all matters reasonably available to it,* ... the Rule "implicitly requires persons to review all matters known or reasonably available to [the corporation] in preparation for the [Rule] 30(b)(6) deposition." In other words, personal knowledge of the designated subject matter by the selected deponent is of no consequence. *Sprint Commc'n Co.,* 236 F.R.D. at 527–28 (footnotes omitted); *see also Calzaturficio S.C.A.R.P.A. v. Fabiano Shoe Co., Inc.,* 201 F.R.D. 33, 36 (D.Mass.2001) ("[T]he law is well-established that a 30(b)(6) deponent does have an affirmative obligation to educate himself as to the matters regarding the corporation. 'Rule 30(b)(6) explicitly requires [a company] to have persons testify on its behalf as to all matters known or reasonably available to it and, therefore, implicitly requires persons to review all matters known or reasonably available to it in preparation for the 30(b)(6) deposition. This interpretation is necessary in order to make the deposi-

tion a meaningful one and to prevent the "sandbagging" of an opponent by conducting a half-hearted inquiry before the deposition but a thorough and vigorous one before the trial. This would totally defeat the purpose of the discovery process ....'" (quoting *United States v. Taylor,* 166 F.R.D. 356, 362 (M.D.N.C.1996), *aff'd* 166 F.R.D. 367 (M.D.N.C.1996))). Thus, "[e]ven if the documents are voluminous and the review of those documents would be burdensome, the deponents are still required to review them in order to prepare themselves to be deposed." *Calzaturficio S.C.A.R.P.A.,* 201 F.R.D. at 37; *Concerned Citizens of Belle Haven v. The Belle Haven Club,* 223 F.R.D. 39, 43 (D.Conn.2004). "Such preparation is necessary because the 'individuals so deposed are required to testify to the knowledge of the corporation, *not* the individual.'" *Calzaturficio S.C.A.R.P.A.,* 201 F.R.D. at 37; *Berwind Prop. Group Inc. v. Environmental Mgmt. Group. Inc.,* 233 F.R.D. 62, 65 (D.Mass.2005).

▮▮▮ The behavior of counsel during a deposition is also governed by Rule 30, which provides:

The examination and cross-examination of a deponent proceed as they would at trial. ... [¶] An objection at the time of the examination—whether to evidence, to a party's conduct, ..., to the manner of taking the deposition, or to any other aspect of the deposition-must be noted on the record, but the examination still proceeds; the testimony is taken subject to any objection. ... A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3).[2]

Fed.R.Civ.P. 30(c)(1), (2) (footnote added). Thus, "[c]ounsel for the deponent has a very limited role during the taking of a deposition and conversing with the witness is limited to discussions about whether the objection of privilege should be asserted. [Counsel] is

---

**2.** Rule 30(d)(3)(A) provides that "[a]t any time during a deposition, the deponent or a party may move to terminate or limit it on the ground that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or op-

presses the deponent or party." The party or deponent may seek a court order to terminate the deposition or to limit the scope and manner of the taking of the deposition as provided in Rule 26(c). Fed.R.Civ.P. 30(d)(3)(B).

prohibited from acting as a intermediary, interpreting questions, assisting deponent with formulation of the answers or deciding which questions should be answered...." *In re Amezaga,* 195 B.R. 221, 228 (Bkrtcy.D.Puerto Rico 1996) (citations omitted); *see also Calzaturficio S.C.A.R.P.A.,* 201 F.R.D. at 40 ("Counsel is not entitled to assist his witnesses during a deposition. 'A deposition is meant to be a question-and-answer conversation between the deposing lawyer and the witness. There is no proper need for the witness's own lawyer to act as an intermediary, interpreting questions, deciding which questions the witness should answer, and [helping] the witness to formulate answers.' " (citations omitted)).

■ Here, Pirelli designated three witnesses under Rule 30(b)(6) to testify on 40 topics, and it appears plaintiffs do not complain about one of those witnesses, Mr. Giannesi, who testified on Topic nos. 11, 15, 37 and 40. However, plaintiffs rightfully complain, and the Court finds, Mr. Caruso was not adequately prepared to testify on Pirelli's behalf on Topic nos. 7, 9, 10, 12, 14, 17, 30, 31, 37 and 40. In fact, Mr. Caruso candidly acknowledged at the deposition that he had not prepared to speak on behalf of Pirelli on these topics. *See* Smith Decl. ¶ 14, Exh. 16 at 25–31. It is less clear, however, that Mr. Caruso was not adequately prepared to testify on Topic nos. 6, 8, 11, 13 and 15. Since plaintiffs have the burden to show such lack of preparation, they have not shown Pirelli "failed to appear" when it designated Mr. Caruso.

■ Pirelli's counsel instructed Messrs. Caruso and Grasso not to answer questions about documents Pirelli claimed it had not timely received from plaintiffs under paragraph 14 of the General Discovery Order.[3] Yet, paragraph 14 does **not** impose a limitation prohibiting the examination of a deponent. Rather, it, as well as several other provisions of the General Discovery Order, is intended solely to **expedite** the examination of a deponent by affording the witness the opportunity to review in advance of the deposition the documents upon which he is to be examined. Thus, as plaintiffs argue, Pirelli's "interpretation" of paragraph 14 turns the General Discovery Order on its head,[4] and the Court overrules Pirelli's objections to plaintiffs' examination regarding Exhibits 1019–1021, 1023–1026, 1028 and 1030–1062. Accordingly, the Court grants plaintiffs' motion to compel Pirelli's Rule 30(b)(6) deposition as to Topic nos. 1–3, 7, 9, 10, 12, 14, 17, 30, 31, 37 and 40; but denies it as to Topic nos. 6, 8, 11, 13 and 15.

Plaintiffs, in their memorandum of points and authorities supporting their ex parte application, request "an Order requiring Pirelli to bear the costs associated with Plaintiffs' needless travel to Milan, Italy and wasteful depositions of Drs. Caruso and Grasso." Memo. 23:14–16. However, neither plaintiffs' ex parte application nor their proposed order addresses sanctions against Pirelli, or its counsel, and the issue of sanctions is not briefed in plaintiffs' supporting memorandum. Since the Court is extremely unhappy with the conduct of Pirelli's counsel in instructing Messrs. Caruso and Giannesi not to answer questions at their depositions, the Court would gladly have awarded sanctions against Pirelli, or its counsel, if plaintiffs had properly made that request; but they did not.

### ORDER

Plaintiffs' motion to compel the Rule 30(b)(6) deposition of Pirelli **IS GRANTED** as to Topic nos. 1–3, 7, 9, 10, 12, 14, 17, 30, 31, 37 and 40; however, it **IS DENIED** as to Topic nos. 6, 8, 11, 13 and 15. Said deposition(s) shall take place no later than April 1, 2008, or any other date plaintiffs and Pirelli **mutually agree** to in writing. At the deposition(s), the deponents may be examined on all documents they were previously instruct-

---

3. The Court has read the parties' lengthy discussions about plaintiffs' compliance with paragraph 14 of the General Discovery Order, and finds plaintiffs attempted in good faith to comply with paragraph 14 in the Pirelli deposition.

4. Certainly, if Pirelli's counsel was unclear about the meaning of paragraph 14 of the General Discovery Order, Pirelli could have sought clarification from this Court. The parties have clearly shown they know how to seek clarification from the Court when it suits them.

ed not to testify on, as well as any other document plaintiffs provided to Pirelli or Pirelli's designees prior to March 10, 2008, under paragraph 14 of the General Discovery Order. This Order does not prevent Pirelli from objecting to any question at the deposition on the grounds of attorney-client privilege or other federally recognized privilege.

Honorable Terry J. Hatter, Jr.

Initials of Deputy Clerk