Reversed and remanded by published opinion. Judge TRAXLER wrote the majority opinion, in which Senior Judge WILKINS joined. Judge WILKINSON wrote a dissenting opinion.
OPINION
TRAXLER, Circuit Judge.
Rosenruist-Gestao E Servicos LDA (“Rosenruist”) is a Portuguese company that seeks to obtain a United States trademark registration and enjoy the benefits that accompany ownership of a registered mark under the Lanham Act. Virgin Enterprises Ltd. (“VEL”), a British conglomerate that owns numerous United States registrations, opposes the registration of Rosenruist’s mark and commenced an administrative proceeding before the Trademark Trial and Appeal Board (“TTAB”) against Rosenruist to prevent the registration. When Rosenruist refused to appear voluntarily for a Rule 30(b)(6) deposition under the procedural rules promulgated by the Patent and Trademark Office (“PTO”), see 37 C.F.R. § 2.123 (2006), the district court issued a subpoena under 35 U.S.C.A. § 24 directing Rosenruist to produce a designee to testify on behalf of the corporation at a deposition in Virginia. The district court refused Rosenruist’s request to quash the subpoena and then subsequently imposed sanctions against Rosen-ruist when it failed to attend the deposition.
Seeking to ensure Rosenruist’s cooperation, VEL filed a motion to compel Rosen-ruist, on pain of contempt sanctions, to designate its Rule 30(b)(6) representative and appear for the corporate deposition as directed by the subpoena. Notwithstanding its earlier ruling that Rosenruist had been properly served with a valid subpoena for a Rule 30(b)(6) deposition, the court determined that it could not require Ro-senruist to produce a corporate designee for the deposition unless that designee personally resided within the district of the issuing court. Because there are no individuals residing within the Eastern District of Virginia who Rosenruist could designate as its witness under Rule 30(b)(6), the court denied VEL’s request to compel an appearance.
VEL appeals this ruling. For the reasons that follow, we reverse.
I.
Rosenruist filed an application in December 2002 with the PTO to register the mark VIRGIN GORDA under section 1(b) of the Lanham Act. See 15 U.S.C.A. § 1051(b) (West Supp.2007). At the time, Rosenruist had not sold any products in the United States or established a business presence here. Section 1(b) of the Act permits an applicant to seek trademark registration based on the applicant’s intent to use the trademark in commerce rather than the actual use of the mark, provided that the applicant later files “a verified statement that the mark is in use in commerce.” See 15 U.S.C.A. § 1051(d)(1) *440 (West Supp.2007).[1]
Rosenruist applied to register based on its intent to use the mark VIRGIN GOR-DA in connection with forty-one categories of goods, including “[b]ags, purses, ... traveling bags, trunks, make-up bags and empty vanity cases, document holders, umbrellas, [and] handbags,” as well as various kinds of clothing and footwear. J.A. 46. In its application with the PTO, Rosenruist appointed various members of the Virginia-based law firm prosecuting the application as “domestic representatives” under 15 U.S.C.A. § 1051(e) to act as Rosen-ruist’s designees “upon whom notices or process in proceedings affecting this mark may be served.” J.A. 52.
Initially, the PTO’s examining attorney refused registration on the basis that the VIRGIN GORDA mark is “primarily geographically deceptively misdescriptive,” 15 U.S.C.A. § 1052(e)(3) (West Supp.2007), explaining that Virgin Gorda is an island located within the British Virgin Islands and that its proposed use would cause the public to mistakenly believe that Rosen-ruist’s goods bearing this mark came from the Virgin Islands. Ultimately, however, the examining attorney agreed with Ro-senruist that there was insufficient basis for believing that the misdescription would be a material factor in the consuming public’s purchasing decisions, withdrew the refusal to register, and caused the PTO to publish the mark in its Official Gazette. See 15 U.S.C.A. § 1062(a) (West Supp. 2007).
In July 2004, VEL filed a Notice of Opposition with the PTO. See 15 U.S.C.A. § 1063(a) (West Supp.2007). VEL has a substantial presence in the United States through a vast array of businesses such as Virgin Atlantic Airways, Virgin Records, Virgin Mobile, Virgin Wines, and Virgin Digital. The VEL conglomerate and its related companies sell and distribute a wide variety of goods and services under the registered VIRGIN mark, including clothing, cosmetics, luggage, bags, wallets, umbrellas, records and CDs, telecommunications products, airline and travel-related services, and restaurant and hotel services. VEL asserted that it would be damaged by the proposed VIRGIN GORDA registration because it is confusingly similar to VEL’s VIRGIN mark. Under the trademark practice rules adopted by the PTO, VEL conducted limited discovery through written questions, but it did not seek to conduct a discovery deposition prior to the expiration of the discovery period. See 37 C.F.R. § 2.120(a).
In December 2005, VEL, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, sought to conduct a testimonial deposition of Rosenruist to present in evidence at trial before the TTAB.[2] When *441 Rosenruist refused to appear voluntarily in the United States for an oral deposition, VEL moved pursuant to the PTO’s rules of procedure to compel Rosenruist to identify a Rule 30(b)(6) representative and produce that person to testify for the corporation at an oral deposition in Portugal. See 37 C.F.R. § 2.123(a)(2) (2006). The TTAB denied VEL’s motion to compel, noting that, according to its manual of procedure, a party residing in a foreign country may be compelled to appear for an oral testimonial deposition only through the procedures provided in The Hague Convention or the issuance of letters rogatory to the appropriate Portuguese legal authority. See Trademark Trial and Appeal Board Manual of Procedure (“TBMP”) §§ 703.01(a), (f)(3) (2d ed.2003).
In January 2006, VEL served Thomas Perkins — one of the lawyers designated by Rosenruist as its representative under § 1051(e) — with a Rule 30(b)(6) deposition subpoena directing the Rosenruist corporation to appear in McLean, Virginia, and produce the “person having [the] most knowledge” regarding, among other topics, “[t]he factual representations made in [Ro-senruist’s trademark] Application.” J.A. 140,142.
The subpoena was issued by the district court for the Eastern District of Virginia pursuant to 35 U.S.C.A. § 24, which provides in pertinent part:
The clerk of any United States court for the district wherein testimony is to be taken for use in any contested case in the [PTO], shall, upon the application of any party thereto, issue a subpoena for any witness residing or being within such district, commanding him to appear and testify before an officer in such district authorized to take depositions and affidavits, at the time and place stated in the subpoena. The provisions of the Federal Rules of Civil Procedure relating to the attendance of witnesses ... shall apply to contested cases in the [PTO].
35 U.S.C.A. § 24 (West 2001).
Rosenruist moved pursuant to Rule 45(c)(3)(A) to quash the subpoena, see Fed. R.Civ.P. 45(c)(3)(A), arguing that the district court lacked the authority to subpoena a foreign resident to appear in the United States for a deposition, that VEL was attempting to circumvent the proper procedure for compelling Rosenruist’s testimonial deposition as outlined by the TTAB in its order denying VEL’s initial motion to compel, and that service of the subpoena on counsel for Rosenruist was ineffective even if the subpoena was valid.
The magistrate judge concluded that the subpoena was properly issued and valid under 35 U.S.C.A. § 24 and rejected Ro-senruist’s argument that § 24 did not give the district court subpoena power over non-resident foreign corporations. The magistrate judge also concluded that service of the subpoena on counsel for Rosen-ruist was effective because Rosenruist, in conjunction with its registration application, had designated counsel to accept service of “notices or process in proceedings affecting the mark.” 15 U.S.C.A. § 1051(e) (West Supp.2007). Accordingly, on March 2, 2006, the magistrate judge entered an order denying Rosenruist’s motion to quash and directing Rosenruist “to *442 designate a Rule 30(b)(6) witness residing or being within this judicial district to appear for deposition by March 15, 2006.” J.A. 185. Rosenruist filed objections to the order of the magistrate judge, see Fed. R.Civ.P. 72(a), arguing primarily that the district court lacked the authority to issue a subpoena to non-resident aliens. The district court denied Rosenruist’s objections, finding that the decision of the magistrate judge was not contrary to law and did not rest on clearly erroneous factual findings. Rosenruist did not appeal the order denying its motion to quash.
Following the court’s denial of Rosen-ruist’s motion to quash, VEL re-served the subpoena and rescheduled the deposition. Rosenruist, however, refused to produce a Rule 30(b)(6) designee at the deposition. Instead, counsel for Rosenruist appeared and announced that Rosenruist did not intend to designate a representative to testify on behalf of the corporation as there was no such person “residing or being” within the Eastern District of Virginia. J.A. 259.[3] VEL then sought and obtained sanctions against Rosenruist for its failure to appear at the deposition. The magistrate judge ordered that Rosenruist pay the legal fees and costs incurred by VEL in connection with counsel’s preparation for and appearance at the deposition.
On March 31, 2006, in view of Rosen-ruist’s continued belief that it was neither required nor able to comply with the subpoena, VEL moved the district court for an order compelling Rosenruist to obey the subpoena, which the court had already deemed valid, and to produce an appropriate representative under Rule 30(b)(6) to be deposed on the subjects identified in the subpoena. VEL argued that, because a corporation can only testify through its individual representatives, Rosenruist was technically the witness in a Rule 30(b)(6) deposition. And, because Rosenruist had designated a Virginia resident as domestic representative under 15 U.S.C.A. § 1051(e), it was within the judicial district wherein the deposition testimony would be taken. See 35 U.S.C.A. § 24. VEL asserted that “Rosenruist can no more refuse to attend its own deposition than can any other alien corporate litigant that is subject to the Court’s in personam jurisdiction.” J.A. 345-46.
In response, Rosenruist argued that all of its potential Rule 30(b)(6) designees were foreign citizens residing outside the United States and beyond the reach of the court’s subpoena power under 35 U.S.C.A. § 24; that the court did not even have personal jurisdiction over Rosenruist, which had not conducted any business in the country; and that Rosenruist, as a corporation, did not qualify as a witness under 35 U.S.C.A. § 24 because the statute pertains only to subpoenas directed to natural person witnesses.
After hearing VEL’s motion to compel, the magistrate judge concluded that, even though Rosenruist had been properly served with a valid subpoena, Rosenruist was not required to produce a Rule 30(b)(6) designee unless that designee resided within the district. The decision of the magistrate judge rested on his conclusion that the term “witness” as used in the statute applied only to natural persons. The court instructed Rosenruist to file a declaration indicating that there was no officer, director, or managing agent of Ro-senruist residing in the district who could address the topics listed in the subpoena. Likewise, the court instructed Rosenruist *443 to include in its declaration a statement regarding whether there resided within the district “other persons” who “consent[ed] to testify on its behalf.” J.A. 409. Because the magistrate judge did not compel Rosenruist to produce a Rule 30(b)(6) designee but did require Rosenruist to respond with the aforementioned declaration, the magistrate judge issued an order “grant[ing] in part and deny[ing] in part” VEL’s motion to compel. J.A. 381. Following the hearing, Rosenruist filed a declaration stating that there was “no officer, director, or managing agent or other person who consents to testify on Rosenruist’s behalf in this District,” J.A. 414.
VEL filed objections to the magistrate judge’s order, arguing that 35 U.S.C.A. § 24 did not limit “witness” to natural persons and that, therefore, a corporation could be compelled to appear at a deposition regardless of where the Rule 30(b)(6) designee might personally reside. The district court again concluded that the ruling of the magistrate judge was not clearly erroneous or contrary to law. VEL then filed this appeal.
II.
Before turning to the particular arguments of the parties, we believe it is helpful to consider very briefly the role of the district court in the context of an opposition proceeding before the TTAB, as well as the interplay between the Federal Rules of Civil Procedure and the PTO’s rules of procedure.
The TTAB is an administrative tribunal of the PTO with jurisdiction over inter partes challenges to the registration of trademarks. See 15 U.S.C.A. § 1067(a) (West Supp.2007).[4] Procedure in inter partes matters diverges from that in district court at the trial stage, in that the taking of testimony does not occur in the presence of the TTAB. Instead, testimony is taken by deposition during set testimony periods, and the TTAB resolves all factual issues based on the written record submitted by the parties. See 37 C.F.R. §§ 2.121, 2.123, 2.125 (2006).
Inter partes proceedings before the TTAB are governed by the Rules of Practice in Trademark Cases adopted by the PTO and set forth in Part 2 of Title 37 of the Code of Federal Regulations. See 35 U.S.C.A. § 23 (West 2001) (granting the Director of the PTO the authority to “establish rules for taking affidavits and depositions required in cases in the [PTO]”). The PTO’s rules were “adapted from the Federal Rules [of Civil Procedure], with modifications appropriate to the administrative process.” Yamaha Int’l Corp. v. Hoshino Gakki Co., 840 F.2d 1572, 1575 (Fed.Cir.1988). Under the PTO’s rules, the Federal Rules of Civil Procedure generally apply to all phases of inter partes proceedings, see 37 C.F.R. § 2.116(a), including discovery and the taking of depositions, see 37 C.F.R. § 2.120(a).
As an administrative tribunal of limited jurisdiction, the TTAB is empowered only to decide whether a given trademark is registrable. See 15 U.S.C.A. §§ 1067, 1068 (West Supp.2007); 15 U.S.C.A. § 1070 (West 1997); Person’s Co. v. Christman, 900 F.2d 1565, 1571 (Fed.Cir.1990). Although the TTAB has the authority to impose limited sanctions upon parties that *444 fail to cooperate during discovery, see 37 C.F.R. §§ 2.120(e), (g), the TTAB lacks the authority to compel witnesses through the subpoena power to appear for testimony in inter partes proceedings. See 37 C.F.R. § 2.120(b); Consolidated Foods Corp. v. Ferro Corp., 189 U.S.P.Q. 582, 583 (T.T.A.B.1976).
Accordingly, Congress granted district courts subpoena authority under 35 U.S.C.A. § 24 to command the appearance of witnesses in administrative proceedings before the PTO. See Frilette v. Kimberlin, 508 F.2d 205, 207 (3d Cir.1975) (en banc); Vogel v. Jones, 443 F.2d 257, 259 (3d Cir.1971). Under this statute, district courts have “jurisdiction to ... issu[e] ... subpoenas” in PTO proceedings. Frilette, 508 F.2d at 207. This narrow jurisdictional grant assigns district courts the limited function in contested PTO matters of “issu[ing] and enforcing] subpoenas in connection with the preparation of evidence for submission” to the administrative tribunal. Id. at 209. Thus, § 24 assigns a supportive role to the district courts to ensure the smooth functioning of the procedures adopted by the PTO. See id. at 210 (describing the function of the district court as “co-operatively complementing” the PTO) (internal quotation marks omitted).
A.
With this context in mind, we turn to VEL’s challenge to the conclusion of the magistrate judge that “witness” in 35 U.S.C.A § 24 refers only to natural persons and not to corporations or other juristic persons. The effect of the magistrate judge’s conclusion was that, despite the fact that Rosenruist itself was properly served a valid subpoena directing it to designate a corporate representative for a Rule 30(b)(6) deposition of the corporation, the court could not require Rosenruist to produce its designee unless the designee was “residing or being within” the Eastern District of Virginia.
For the reasons set forth below, we agree with VEL that the term “witness,” as used in the statute, is not limited to natural persons and allows the court to reach corporations and other juristic persons. Because the unappealed order of March 2, 2006, established for purposes of this case that the subpoena was valid and that Rosenruist, as the subject of the subpoena, was required to obey it, it follows that the district court should have granted VEL’s motion to compel.
1.
As we noted above, the PTO’s rules of practice generally incorporate the deposition procedures prescribed by the Federal Rules of Civil Procedure, specifically including Rule 30(b)(6). See 37 C.F.R. § 2.120(b) (2006). Pursuant to Rule 30(b)(6), a party may name a corporation as a deponent, in either a notice of deposition or a subpoena:
A party may in the party’s notice and in a subpoena name as the deponent a public or private corporation or a partnership or association or governmental agency and describe with reasonable particularity the matters on which examination is requested. In that event, the organization so named shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.
Fed.R.Civ.P. 30(b)(6).
Prior to the adoption of this rule in 1970, a party wishing to establish the knowledge of a corporate entity was forced to identify and subpoena a specific officer or representative of the corporation who qualified *445 as a director, officer, or managing agent. See Founding Church of Scientology of Washington, D. C., Inc. v. Webster, 802 F.2d 1448, 1451 (D.C.Cir.1986). That practice was supplemented with the addition of Rule 30(b)(6), which allows the examining party to seek the corporation’s testimony without regard to who actually provides the testimony on behalf of the organization. If “[t]he party seeking discovery ... simply name[s] the corporation ... as the deponent,” it becomes “the duty of the corporation to name one or more persons who consent to testify on its behalf ... as to matters known or reasonably available to the corporation.” 8A Charles Alan Wright, Arthur R. Miller, & Richard L. Marcus, Federal Practice and Procedure § 2102, at 30-31 (2d ed.1994). Essentially, “[i]n a Rule 30(b)(6) deposition, there is no distinction between the corporate representative and the corporation.” Sprint Commc’ns. Co. v. Theglobe.com, Inc., 236 F.R.D. 524, 527 (D.Kan.2006).
Thus, like any person named in a subpoena to appear as a deponent or witness, a corporation may be named in a subpoena issued under Rule 45, which “command[s] each person to whom it is directed to attend and give testimony” at a trial or deposition. Fed.R.Civ.P. 45(a)(1)(C) (emphasis added); see Fed. R.Civ.P. 30(a)(1) (“A party may take the testimony of any person, including a party, by deposition upon oral examination ....”) (emphasis added). Thus, the word “person” in Rule 45 is not limited merely to “natural persons” but includes juristic persons like corporations and governments as well. Cf. Yousuf v. Samantar, 451 F.3d 248, 257 (D.C.Cir.2006) (explaining that “[t]he term ‘person’ as used in the Federal Rules of Civil Procedure consistently means ... natural persons and business associations ... [as well as] governments” and holding that “the Government is a ‘person’ subject to subpoena under Rule 45”).
If a party to an inter partes proceeding wishes to take the trial testimony of an adverse party or an official of an adverse party who is unwilling to appear voluntarily, then the examining party must secure attendance of the deponent by subpoena. See Health-Tex, Inc. v. Okabashi (U.S.) Corp., 18 U.S.P.Q.2d 1409, 1410 (T.T.A.B.1990). As mentioned previously, the TTAB is not vested with the power to subpoena witnesses in inter partes PTO cases. Under 35 U.S.C.A. § 24, Congress instead granted to district courts the power to enforce the rights of litigants to secure the presence of witnesses in contested proceedings in the PTO: “The clerk of any United States court for the district wherein testimony is to be taken for use in any contested case in the Patent and Trademark Office, shall, upon the application of any party thereto, issue a subpoena for any witness residing or being within such district ...” 35 U.S.C.A. § 24 (emphasis added).
We agree with VEL that the “witness” is not limited only to natural persons. The PTO regulations expressly contemplate the use of Rule 30(b)(6) depositions in which the corporation is the “person” named in the subpoena as the deponent. See 37 C.F.R. §§ 2.120(b), 2.124(b)(2). Nothing in the text of 35 U.S.C.A. § 24 suggests to us that, in the context of a contested PTO action, the interplay between Federal Rules 30(b)(6) and 45 operates differently. Indeed, the statute expressly provides that, in contested PTO cases, “[t]he provisions of the Federal Rules of Civil Procedure relating to the attendance of witnesses ... shall apply.” 35 U.S.C.A. § 24. Nor do we see anything in the statute indicating that Congress wished to tie the court’s power to subpoena corporate testimony under Rule 30(b)(6) to the personal *446 residence of the individuals ultimately designated by the corporation to testify on its behalf. Foreign corporations that are subject to the personal jurisdiction of a district court can be and often are required to produce officers, directors, or managing agents&emdash;regardless of where such witnesses personally reside&emdash;in the United States for a Rule 30(b)(6) deposition. See Custom Form Mfg., Inc. v. Omron Corp., 196 F.R.D. 333, 336 (N.D.Ind.2000); In re Honda Am. Motor Co. Dealership Relations Litig., 168 F.R.D. 535, 540-42 (D.Md.1996).
Accordingly, we do not agree with the magistrate judge’s narrow interpretation of “witness,” and we hold that corporations, as well as natural persons, are subject to the issuance of Rule 30(b)(6) subpoenas pursuant to 35 U.S.C.A. § 24. And, as a result, we believe the magistrate judge incorrectly concluded that Rosen-ruist could avoid designating and producing a Rule 30(b)(6) deponent because none of its potential designees were personally “residing or being within” the Eastern District of Virginia.
2.
Rosenruist contends that even if the corporation itself can be considered a “witness” under 35 U.S.C.A. § 24, rendering the individual designee’s residence or location irrelevant for purposes of a corporate subpoena, the subpoena was invalid because Rosenruist itself was not “residing or being within” the district. Rosenruist has not developed this argument except to assert that it lacks the required presence because it “has no business activities, no managing agents, and no agents consenting to testify within the district or anywhere in the U.S.” Brief of Appellee at 25. Additionally, Rosenruist points out, the designation of a statutory agent for service under 15 U.S.C.A. § 1051(e) is not sufficient to subject a corporation to the court’s subpoena power under § 24.
Rosenruist also contends that the subpoena was not valid because the Rosen-ruist corporation lacked the “continuous and systematic contacts” with the Eastern District of Virginia necessary to support the district court’s exercise of in personam jurisdiction. Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 416, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984); see Ratliff v. Cooper Labs., Inc., 444 F.2d 745, 748 (4th Cir.1971) (concluding that the designation of a statutory agent for service was insufficient to confer general jurisdiction over an out-of-state corporation).
Although Rosenruist advances these arguments as separate challenges to the validity of the subpoena, they are essentially one and the same argument&emdash;that Rosen-ruist is not subject to the court’s subpoena power under § 24 because Rosenruist lacks sufficient contacts in the Eastern District of Virginia. We infer that Rosen-ruist views the “residing or being” requirement of § 24 as commensurate with the requirements for a court’s exercise of general jurisdiction over a party.
We conclude these arguments are not properly before the panel because the validity of the subpoena has already been determined. Thus, we need not determine precisely what is required for a witness to satisfy the statute’s “residing or being” component, although we find no support for the notion that the statute requires the “systematic and continuous” presence needed for the exercise of general jurisdiction.[5]
*447 The March 2, 2006, order rejected Ro-senruist’s motion to quash in which Rosen-ruist asserted in part that it was not subject to the court’s subpoena power. The order established that the subpoena was valid and that the requirements of 35 U.S.C.A. § 24 had been satisfied. Rosen-ruist did not appeal this ruling.
Subsequently, in its opposition to VEL’s motion to compel a Rule 30(b)(6) designation and appearance, Rosenruist argued that the court lacked in personam jurisdiction over it and therefore could not enforce the subpoena against it. The court effectively rejected Rosenruist’s jurisdictional argument and reiterated that Rosenruist was subject to the subpoena when it granted VEL’s motion in part and ordered Rosenruist to designate a Rule 30(b)(6) witness or submit a declaration that no qualifying witness resided or was present within the district. The court, however, refused to require an appearance. VEL, of course, appealed the latter portion of the order, and that appeal is before us now. Rosenruist did not file a cross-appeal.
A prevailing party may urge an appellate court “to affirm a judgment on any ground appearing in the record,” Toll Bros., Inc. v. Dryvit Sys., Inc., 432 F.3d 564, 572 (4th Cir.2005), and may do so without having to file a cross-appeal, see Blum v. Bacon, 457 U.S. 132, 137 n. 5, 102 S.Ct. 2355, 72 L.Ed.2d 728 (1982). If the prevailing party raises arguments that seek to alter or modify the judgment below, then a cross-appeal is required. See El Paso Nat. Gas Co. v. Neztsosie, 526 U.S. 473, 479, 119 S.Ct. 1430, 143 L.Ed.2d 635 (1999) (“Absent a cross-appeal, an ap-pellee may urge in support of a decree any matter appearing in the record, although his argument may involve an attack upon the reasoning of the lower court, but may not attack the decree with a view either to enlarging his own rights thereunder or of lessening the rights of his adversary.” (internal quotation marks omitted)); see also JH ex rel. JD v. Henrico County Schl. Bd., 326 F.3d 560, 567 n. 5 (4th Cir.2003) (“The general rule is that without taking a cross-appeal, the prevailing party may present any argument that supports the judgment in its favor as long as the acceptance of the argument would not lead to a reversal or modification of the judgment .... ” (internal quotation marks and alteration omitted)).
Here, Rosenruist asks us to affirm the court’s refusal to require it to produce a Rule 30(b)(6) witness as commanded by the subpoena based on Rosenruist’s lack of presence and the issuing court’s lack of personal jurisdiction. As explained previously, the court below clearly concluded that the subpoena was valid and that Ro-senruist as a corporation was subject to the subpoena. Thus, these particular arguments, were the panel to accept them, would require us to modify the court’s judgment below and enlarge Rosenruist’s rights thereunder. Because Rosenruist did not assert a cross-appeal, we decline to consider these issues.
B.
Rosenruist next contends that § 24 was enacted only to enforce the rules and procedures developed by the PTO, and VEL’s reading of the statute will permit it to exercise procedural rights beyond those established by the PTO. See Frilette, 508 F.2d at 209-11 (rejecting the notion that 35 U.S.C.A. § 24 allows a party to bootstrap itself into additional means of discovery not provided by the PTO).
Relying on the TBMP (the TTAB’s Manual of Procedure) Rosenruist suggests that the PTO’s rules do not permit the attendance of a foreign witness to be secured by a subpoena. According to the *448 TBMP, a “party [who] wishes to take the trial testimony of an adverse party or non-party (or an official or employee of an adverse party or nonparty) residing in the United States ... [who] is not willing to appear voluntarily to testify ... must secure the attendance of the witnesses by subpoena.” TBMP § 703.01(f)(2). The TBMP provides that for an unwilling witness who resides in a foreign country, however, “[t]here is no certain procedure for obtaining ... the trial testimony deposition of [such] a witness” and that the deposing party may obtain such testimony through “the letter rogatory procedure or the Hague Convention letter of request procedure.” TBMP § 703.01(f)(3).
It is important to recognize that the TBMP is simply a manual issued by the TTAB “to practitioners with basic information generally useful for litigating cases before the [TTAB],” which expressly acknowledges that it “does not modify, amend, or serve as a substitute for any statutes, rules or decisional law and is not binding upon the [TTAB].” TBMP, Intro. The TBMP does not provide, or even purport to provide, authoritative interpretive guidance with regard to the scope of 35 U.S.C.A. § 24 or any other statute. Rather, it merely sets forth the TTAB’s informal opinion that the statute does not provide authority for a district court to issue a subpoena to an unwilling foreign deponent. We are neither bound by the TBMP nor obligated to consider its statutory interpretation particularly persuasive.
We conclude that reading the statute to permit the issuance of a Rule 30(b)(6) subpoena to Rosenruist does not expand or add to the procedures established by the PTO. As noted above, the PTO’s rules of procedure allow for the use of Rule 30(b)(6) depositions in inter partes cases and permit the taking of trial testimony “by depositions upon oral examination.” 37 C.F.R. § 2.123(a); see id. § 2.123(c) (“Depositions may be noticed for any reasonable time and place in the United States.”).[6] The issue here simply involves the extent of the district court’s subpoena power under § 24 to ensure that parties are able to use the existing PTO inter partes procedures. VEL is not seeking to exercise a right or use a procedure that the PTO has not provided.
C.
Finally, Rosenruist argues that the service of the subpoena was ineffective because it failed to comply with Rule 45(b)(1), which requires the witness fee and reasonably estimated mileage to be tendered at the time of service. See Fed. R.Civ.P. 45(b)(1); In re Dennis, 330 F.3d 696, 705 (5th Cir.2003). We reject this argument. In the March 2, 2006, order denying Rosenruist’s motion to quash, the magistrate judge determined that service was effective. Rosenruist did not appeal that order. The magistrate judge also reiterated that conclusion in the May 2, 2006, order which is the subject of this appeal. Because Rosenruist did not cross-appeal this portion of the court’s decision, we decline to address it. See Pritchett v. Alford, 973 F.2d 307, 315 (4th Cir.1992).
III.
For the foregoing reasons, we reverse the order of the district court denying *449 VEL’s motion to compel Rosenruist to obey the subpoena, and we remand for further proceedings consistent with this opinion.

REVERSED AND REMANDED

. Although the owner of a mark may apply for registration based on his intent to use the mark in the future, the mark is not registrable until it has actually been used in commerce and the applicant has filed a statement verifying such use. See 15 U.S.C.A. §§ 1051(b), (d). This requirement reflects the fundamental principle in American trademark law that ownership rights flow from actual use of the mark in commerce. See Emergency One, Inc. v. American Fire Eagle Engine Co., 332 F.3d 264, 267 (4th Cir.2003).

. We note that the discovery period had expired by the time VEL requested Rosenruist appear for a Rule 30(b)(6) deposition. In opposition proceedings before the TTAB, discovery depositions and testimonial depositions for presentation at trial are treated very differently. Compare 37 C.F.R. § 1.120 (2006) with 37 C.F.R. § 1.123 (2006); see generally Fischer Gesellschaft M.B.H. v. Molnar & Co., 203 U.S.P.Q. 861 (T.T.A.B.1979). A deposition taken pursuant to Rule 30(b)(6) strikes us as a discovery tool, given its general purpose of permitting the examining party to discover the corporation’s position via a witness designated by the corporation to testify on its behalf. Nevertheless, we are not faced *441 today with the issue of whether the PTO’s rules allow a Rule 30(b)(6) deposition to be taken during the testimony periods set by the TTAB. The magistrate judge below concluded that Rosenruist did not contest VEL’s right to seek the Rule 30(b)(6) testimony, and Ro-senruist has not challenged that conclusion on appeal. Thus, we assume for purposes of this appeal that the Rule 30(b)(6) deposition sought by VEL is a testimonial deposition like any other under the PTO’s procedures.

. Meanwhile, Rosenruist, through counsel, attended and participated fully in the testimonial depositions of various VEL officers.

. An inter partes proceeding before the TTAB is an adversarial action between parties regarding the registrability of a proposed trademark. An inter partes proceeding can take the form of tin opposition proceeding, see 15 U.S.C.A. § 1063 (West 1997 & Supp.2007); a cancellation proceeding, see 15 U.S.C.A. § 1064 (West 1997 & Supp.2007); an interference proceeding, see 15 U.S.C.A. § 1066 (West Supp.2007); or a concurrent use proceeding, see 37 C.F.R. § 2.42 (2006).

. Were the issue before us, however, we would conclude that Rosenruist’s activities in this case were sufficient to qualify it as "being within [the] district.”

. The regulations relied upon in the dissenting opinion pertain to discovery depositions, see 37 C.F.R. §§ 2.120(b), (c), as opposed to the testimonial depositions at issue here. As such, these regulations do not support the premise that our decision permits VEL to use § 24 as a means of circumventing the PTO’s procedures. Likewise, 37 C.F.R. § 2.123(a)(2) is of no use in this case because it applies only when a party seeks to take a testimonial deposition in a foreign country; VEL, of course, does not desire to do so.